IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DISTRICT

ANTONIO BEASLEY, Individually and on
behalf of all others similarly situated                                    PLAINTIFF

v.                                 No. 4:19-cv-471

MACUIL'S TIRE AND SERVICE CENTER, LLC
and SERGIO MACUIL                                                         DEFENDANTS

## ORDER

Pending before the Court is Plaintiff's Motion for Costs and Attorney's Fees (Doc. No. 19) following a settlement of the case between the parties without the knowledge of Plaintiff's attorney.

Plaintiff Antonio Beasley, represented by the Sanford Law Firm ("SLF"), filed this action on July 3, 2019 alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. §11-4-201 *et seq*. Defendants, represented by attorney Angela Schnuerle, filed a motion to dismiss. Following Plaintiff's response, the Court denied the motion to dismiss. Defendants then answered and filed a counterclaim alleging tortious interference with business expectancy, breach of fiduciary duty, fraud, and unjust enrichment.

On the same day that Defendants filed their answer and counterclaim, Ms. Schnuerle filed a motion to withdraw as their attorney. The reasons she cited were Defendants' "failure to fulfill their contractual obligations to her" and her inability to effectively communicate with them. Specifically, Ms. Schnuerle stated that she "has made numerous efforts to reach her clients for about a month and they do not return her calls; moreover, her clients make appointments and cancel them, and have postponed meetings for various reasons." (Doc. No.

10). Ms. Schnuerle also filed a notice advising that Macuil's Tire and Service Center was a sole proprietorship, not a limited liability company as was represented in the complaint. (Doc. No. 11). On October 17, 2019, Ms. Schnuerle's motion to withdraw was granted, and Defendants were without representation.

A few days later, on October 21, 2019, Plaintiff filed a motion to dismiss the counterclaim. The Court gave Defendants additional time to respond to the motion to dismiss in consideration of their newly unrepresented status. Defendants did not respond, and the Court granted the motion to dismiss the counterclaim by order entered February 3, 2020. (Doc. No. 18).

Shortly after Plaintiff filed his motion to dismiss the counterclaim, the parties reached a settlement without the knowledge of Plaintiff's attorney.[1] The settlement agreement, dated October 29, 2019, states that Sergio Macuil and Antonio Beasley have reached an "undisclosed settlement" of all of the issues raised in the present litigation. It is signed by those individuals and contains the stamped seal of a notary public.

On April 10, 2020, Plaintiff filed a motion seeking attorneys' fees of $9,038.00 and costs of $500.00 pursuant to the FLSA, the AMWA., and Ark. Code Ann. § 16-22-303. The FLSA provides that the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216(b). Under the AMWA, the employer shall be liable for "[c]osts and such reasonable attorney's fees as may be allowed by the court. Ark. Code Ann. § 11-4-218. Finally, pursuant to Ark. Code Ann.§ 16-22-303, which addresses situations such as this where the parties to an action reach a settlement without the consent of the attorney, the court "shall . . . enter judgment for a reasonable fee or compensation against *all of the parties to*

---

[1] Doc. No. 19, Ex. 1.

*the compromise or settlement*" for the benefit of Plaintiff's attorney in this case; furthermore, if the settlement is made with the knowledge of advice of the defendant's attorney, the statute provides that "the court shall also enter judgment" against the attorney. Ark. Code Ann.§ 16-22-303(b) (emphasis added).

Addressing the last of these fee-shifting statutes first, Ms. Schnuerle filed a verified response to the motion stating that she did not have any knowledge of the settlement between the parties and has had no communications from Defendants since before she filed her motion to withdraw as Defendants' attorney. (Doc. No. 21). The SLF is not entitled to a judgment for fees and costs against Ms. Schnuerle pursuant to Ark. Code Ann.§ 16-22-303. Neither is the SLF entitled to recover only against Defendants under the terms of this statute that mandates that any judgment entered pursuant to Ark. Code Ann.§ 16-22-303 would be against *all the parties to the settlement*, including Plaintiff. However, the SLF filed the motion in the name of Plaintiff and did not request an award of fees against its client. Since it appears that the SLF is not seeking fees against its own client under this statute, the Court will not utilize this vehicle to award attorneys' fees against Defendants.

In determining a reasonable attorney's fee award in FLSA and AMWA cases, the starting point is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Factors a court may consider in determining the lodestar include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 430 n.3

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434. The court can consider other factors to adjust the fee upward or downward; there is no exact formula. *Id.*. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437.

This case did not present novel and difficult questions. The SLF has not argued that it precluded other employment. The firm took this case on a contingency fee basis, the terms of which were not provided to the Court. (Doc. No. 20, p. 9). Time limitations were not a factor in this case. There is no indication that it was an "undesirable" case. There is no evidence that the SLF had a long relationship with its client; and, based on the fact that Plaintiff settled without the knowledge of his attorneys, it does not appear the nature of the SLF's professional relationship with its client was strong. And while the SLF is correct to point out that "the most critical factor is the degree of success obtained," the firm has not established the amount in controversy or the results of the settlement; the Court is in the dark on this most critical factor.[2]

Furthermore, the Court has carefully reviewed the declaration of Josh Sanford and the time and expense records he submitted in support of his firm's fee request and finds them problematic. (Doc. Nos. 19-2 and 19-3). He is seeking $9,038 for 40.2 hours of work performed by at varying rates by the firm. In spite of Mr. Sanford's declaration that the SLF "pursued this

---

[2] The Supreme Court also recognized that "[i]f . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436.

case with organized efficiency," this Court joins a number of other courts in disagreeing with his assessment. *See Vines v. Welspun Pipes, Inc.*, No. 4:18-CV-00509-BRW, 2020 WL 3062384, at *5 and fn 46-57 (E.D. Ark. June 9, 2020). The time records are replete with instances of objectionable billing practices, including an excess of intraoffice communications, duplicate document reviews by multiple lawyers, billing at lawyers' rates for clerical work, etc.[3] The Court will not hold Defendants responsible for these billing practices.

Furthermore, while there are numerous entries of intraoffice communications shown from the date the parties quietly settled the case between themselves on October 29, 2019, there is no entry reflecting any communication with anyone from the SLF to its client from that date until March 5, 2020. There is no indication that the firm advised its client that Defendants' attorney was withdrawing because her clients were not meeting their contractual obligations,[4] no report of any communication with its client regarding the 26(f) report or the submission of discovery to Defendants, and no entry reflecting that the SLF advised its client of Court orders during that time period. After the March 5, 2020 telephone conference between Mr. Short and the firm's client, the time records indicated a shift from discovery and case strategy to discussing the settlement agreement and pursing the pending motion for fees and costs. Had the SLF been in closer contact with its client, much of the fees sought could have likely been avoided.

---

[3] While the SLF charges $60 per hour for staff time, the billing entries for staff consisted of only .6 hours (or $36 of the of the $9,038.00 sought), with the first of the four entries occurring in October of 2019 after the case had been opened for four months. The SLF billed law clerk time at $75 per hour yet only utilized a law clerk for .7 hours on this case ($52.50). Doc. Nos. 19-2 and 19-3.

[4] This should have been a red flag and opened the discussion about a possible settlement with *pro se* defendants who were not, as is commonly understood by that language, paying their attorney's fees.

As previously recited, this case involved the filing of a straightforward FMLA and AMWA complaint, responding to a motion to dismiss, and filing a motion to dismiss the counterclaim.  There were no court appearances.   Only one plaintiff was involved, and a settlement was negotiated without an attorney on either side.  The degree of success of the litigation, if any, is a critical factor unknown to the Court.  Without information regarding the degree of success obtained in this case, the Court is unable to fully evaluate the reasonableness of the fees requested and, therefore, will not award any fees at this time.

Plaintiff is entitled to an award of $450 of the requested $500 in costs incurred.  The Court is disallowing the $50 for service on Defendant Macuil's Tire and Service Center, LLC as it is not a legal entity on which service was required.  (Doc. No. 11).

Therefore, Plaintiff's Motion for Costs and Attorney's Fees (Doc. No. 19) is Granted in part and DENIED in part.  Plaintiff's request for attorneys' fees is DENIED without prejudice to refiling; Plaintiff is entitled to an award of $450 in costs from Defendants.

IT IS SO ORDERED this 25th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE